## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Maurice Watson

v.

Ronald T. Knight

June 4, 2003

Case No. CL02-523

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this suit against the Sheriff of Spotsylvania County, Watson claims that the officers who arrested him on a drug charge stole money from him. The Sheriff has demurred and filed a plea in bar on the basis of sovereign immunity.

*Background*

Watson was arrested on a felony drug charge on June 29, 2000. He was searched and cash was taken from him. Cash was turned over to the evidence clerk of the Sheriff's Office, who, in turn, delivered it to the Treasurer of the County. The evidence clerk receipted $948.00, and the treasurer receipted $948.00. Watson alleges that he had more than $948.00 and that the remainder of his money was stolen by the arresting officers. He made these allegations in his criminal case (No. CR00-620), in a related forfeiture case (No. CL00-263), and in his pleadings in this suit.

The court heard Knight's and Watson's arguments on the demurrer and plea on June 2, 2003, and took the matter under advisement.

*Decision*

In his demurrer, Knight asserts that there are no facts alleged that pertain to him. He points out that he is not even mentioned in the motion for judgment other than to be named the defendant in the case.

The court agrees with the Sheriff and sustains the demurrer. The pleading filed by Watson fails to state a claim against Sheriff Knight.

Watson will be granted leave to amend his pleading, if he be so advised, to join the appropriate parties, i.e., those persons who allegedly stole his money. He will be given twenty-one days from entry of the order sustaining the demurrer to file any amended pleadings, and, of course, the new defendants will be given twenty-one days after service upon them to respond.

The Sheriff would not be protected by the doctrine of sovereign immunity if he stole the money or otherwise participated in such an intentional tort. However, the only basis upon which the Sheriff could be liable under Watson's alleged facts is simply that he is the supervisor/boss of the officers that supposedly took the money. That allegation sounds in simple negligence, vicarious liability, to which the doctrine does apply.

Thus, the plea and the demurrer will be sustained.